```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:08-cv-46-WHB-LRA**

**ANTHONY SIMON**                                                        **DEFENDANT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Plaintiff for Judgment on the Pleadings or, in the alternative, for Summary Judgment. Defendant has not responded to the subject pleading. Having considered the Motion, the other pleadings filed in the case, as well as supporting and opposing authorities, the Court finds that the Motion for Summary Judgment should be granted.

**I.   Factual Background and Procedural History**

According to the Complaint, Defendant Anthony Simon ("Simon") entered five promissory notes between August 7, 1991, and January 5, 1994, for the purpose of securing loans in amounts ranging from $4,000 to $10,000. After Simon defaulted on the loans, the Holders thereof demanded payment from the various Guarantors of the loans. The Guarantors, after paying the Holders' claims (principal plus accrued interest), and unsuccessfully attempting to collect the amounts owed from Simon, assigned their rights and titles to the United States Department of Education, which had reinsured each of the subject loans.

On January 23, 2008, the United States of America ("Government") filed the above referenced lawsuit in this Court against Simon seeking judgment as follows:[1]

For Promissory Note entered August 7, 1991:

Principal:            $ 6,659.94

Accrued Interest:     $ 4,083.70

Total Debt:           $10,743.64

Plus interest on the Total Debt at the rate of 8.20% per annum from November 15, 2007, to date of judgment, and post-judgment interest at the currently prescribed federal rate. See Compl., at Ex. A.

For Promissory Notes entered on May 6, 1992, and August 5, 1993:

Principal:            $20,347.90

Accrued Interest:     $12,288.73

Total Debt:           $32,636.63

Plus interest on the Total Debt at the rate of 8.05% per annum from November 15, 2007, to date of judgment, and post-judgment interest at the currently prescribed federal rate. See Compl., at Ex. B.

For Promissory Notes entered on September, 14, 1992, and January 5, 1994:

---

[1] As the subject lawsuit was filed by the United States, the Court may properly exercise federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1345.

|                    |            |
|--------------------|------------|
| Principal:         | $15,082.86 |
| Accrued Interest:  | $ 8,604.04 |
| Total Debt:        | $23,686.90 |

Plus interest on the Total Debt at the rate of 8.00% per annum from November 15, 2007, to date of judgment, and post-judgment interest at the currently prescribed federal rate. See Compl., at Ex. C.

On July 3, 2008, the Government filed a Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment, to which Simon did not reply.

**II.   Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National

4

Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III. Discussion

The Government, in order to recover on the subject promissory notes, must prove: (1) Simon signed the notes, (2) it is the present owner or holder of the notes, and (3) the notes are in default. See United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); Federal Deposit Ins. Co. v. McCrary, 977 F.2d 192, 194 n.5 (5th Cir. 1992). In the case *sub judice*, the Government has submitted Certificates of Indebtedness which evidence that Simon: (1) executed a promissory note on or about August 7, 1991, securing a loan in the amount of $4,000 from Ameritrust Company National Association; (2) executed a promissory note on or about May 6, 1992, securing a loan in the amount of $4,000 from Ameritrust Company National Association; (3) executed a promissory note on or about August 5, 1993, securing a loan in the amount of $10,000 from Ameritrust Company National Association; (4) executed a promissory note on or about September 14, 1992, securing a loan in the amount of $4,138 from Ameritrust Company National Association; and (5) executed a promissory note on or about January 5, 1994, securing a loan in the amount of $7,500 from Ameritrust Company National Association. See Compl., Ex. A-C. The subject Certificates of Indebtedness also evidence that the Guarantors of the various loans

assigned their rights and titles to the Government, and that all of the notes are in default.  Id.

As discussed above, Simon did not respond to the Motion of the Government for Summary Judgment.

Although Simon denied the allegations in the Complaint that he currently owes money to the Government,[2] he has not challenged the content of the subject Certificates of Indebtedness.  See Answer, ¶¶ 3-5 (admitting that each Certificate of Indebtedness "speaks for itself").  Additionally, Simon has not presented any evidence to show that he did not sign the subject promissory notes, that the notes are not currently owned by the Government, or that he did not default on subject notes, and he has not presented any evidence to show that the amounts in principal and interest claimed by the Government as due and owing are incorrect.

Finally, in his Answer, Simon raises several affirmative defenses including that the Complaint fails to state a claim upon which relief can be granted.  The Court finds no merit in this defense as the Government, consistent with Lawrence and McCrary, may recover judgments on defaulted promissory notes.  See also United States v. Elliott, Civil Action No. 3:06-CV-1625, 2006 WL 3759857 (N.D. Tex. Dec. 19, 2006) (granting summary judgment in

---

[2]  Under Rule 56(e) of the Federal Rules of Civil Procedure, Simon cannot "rest upon the mere allegations or denials" in his Answer, but "must set forth specific facts showing that there is a genuine issue for trial" in order to refute a properly supported motion for summary judgment.

6

favor of the Government in a case seeking to collect student loan debt); United States v. Valdez, No. Civ. A. C-05-330, 2005 WL 3098053 (S.D. Tex. Nov. 18, 2005) (same).  Simon has also raised the affirmative defenses of unclean hands, waiver of interest, and laches.  The Court finds that these defenses lack merit. First, Simon has not presented any evidence that the Government, in seeking to collect the subject student debts, has acted with unclean hands.  Second, Simon's claims of waiver and laches are barred under Fifth Circuit precedent.  See Lawrence, 276 F.3d at 196 (concluding that 20 U.S.C. § 1091a "eliminates all limitations defenses for collection of student debts" and that it "also extends to eliminate the equitable defense of laches.").  Lastly, Simon "alleges each and every defense available pursuant to Rule 12(b) of the Federal Rules of Civil Procedure."  See Answer, Affirmative Defenses, ¶ 3.  Simon, however, has not offered any argument or evidence to show that any of the Rule 12(b) defenses are applicable in this case.

Based on the pleadings before it, the Court finds that there does not exist a genuine issue of material fact with regard to whether Simon executed the subject promissory notes, whether the subject notes are currently owned by the Government, or whether Simon has defaulted on the notes.  Additionally, the Court finds that there does not exist a genuine issue of material fact with regard to whether the amounts claimed by the Government in

7

principal and interest were correctly calculated. Accordingly, the Court finds that the Government is entitled to summary judgment in this case, and that judgment should be entered in favor of the Government in the amounts claimed.

**IV. Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of the Government for Summary Judgment [Docket No. 7] is hereby granted.

The Government is hereby granted judgment:

In the amount of $10,743.64, plus interest at the rate of 8.20% per annum from November 15, 2007, to the date on which Final Judgment is entered, and post-judgment interest at the currently prescribed federal rate.

In the amount of $32,636.63, plus interest at the rate of 8.05% per annum from November 15, 2007, to the date on which Final Judgment is entered, and post-judgment interest at the currently prescribed federal rate.

In the amount of $23,686.90, plus interest at the rate of 8.00% per annum from November 15, 2007, to the date on which Final Judgment is entered, and post-judgment interest at the currently prescribed federal rate.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 8th day of January, 2009.

                                             s/ William H. Barbour, Jr.
                                             UNITED STATES DISTRICT JUDGE